[No. 16260.   Department Two.   April 11, 1921.]

FARMERS STATE BANK, *Respondent*, v. J. A. BETCHER
et al., *Appellants*.[1]

BILLS AND NOTES (141)—ACTIONS—SUFFICIENCY OF EVIDENCE—GOOD FAITH AND PAYMENT OF VALUE. A bank, purchasing a note at a discount of five per cent, is shown to have been a bona fide purchaser, where it appeared that it bought for value before maturity and from a reputable citizen without notice of any defense, that its officers knew the maker by general reputation and believed he was financially good; and the discount was even not a circumstance tending to show bad faith, where it was in accordance with the bank's custom.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered March 10, 1920, in favor of the plaintiff, notwithstanding the verdict of a jury rendered in favor of the defendant, in an action on a promissory note. Affirmed.

[1]Reported in 197 Pac. 15.

*E. B. Quackenbush,* for appellants.

*Frank Lebeck* and *Sumner & Lebeck,* for respondent.

TOLMAN, J.—Respondent, claiming to be a purchaser for value before maturity and without notice of any possible defense, brought this action to recover upon a promissory note for $5,000, and interest. The case was tried to a jury, which found a verdict in favor of appellant, the defendant below. A motion for judgment *non obstante veredicto* was duly interposed, granted, and a judgment as prayed for entered, from which this appeal is taken.

Appellant, by his pleadings and testimony on the trial, undertook to show that the note sued upon was one of the notes referred to in *Betcher v. Kunz,* 112 Wash. 563, 192 Pac. 955, and that his signature was obtained without any valid consideration by first plying him with drugged liquor to an extent which rendered him mentally incompetent to contract, in pursuance of an unlawful conspiracy. And further, that respondent, by the exercise of ordinary care, and by making reasonable inquiry, could have ascertained such facts before purchasing the note.

It is now contended, as in the case of *Larsen v. Betcher,* 114 Wash. 247, 195 Pac. 27, that the burden of showing that the note was purchased in good faith was upon the plaintiff, and that the facts and circumstances were such as to make this a question for the jury.

The law applicable is fully discussed in *Larsen v. Betcher, supra,* and after a careful consideration of the testimony, we find nothing which would justify any reasonable mind in concluding that respondent was guilty of bad faith. · Respondent's officers knew appellant by general reputation; knew, or believed, that he was

financially good, purchased the note from a reputable citizen of their community without being in any way brought into contact with the payee or the other indorsers, except one Miller, who represented to them that the note was regular in every way; and there was nothing to create even suspicion that the note was given in a stock transaction or to a stock salesman, as in the *Larsen* case.

The fact that the note was discounted five per cent, that appearing from the evidence to be in accordance with the bank's custom, was not a circumstance from which the jury might draw the conclusion of bad faith.

On the authority of *Larsen v. Betcher, supra,* and the cases there cited, the judgment is affirmed.

PARKER, C. J., MITCHELL, MAIN, and MOUNT, JJ., concur.